UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LANCE DAVIS, | Case No. 2:19-cv-01832-KJD-EJY |
| Plaintiff, | ORDER |
| v. | |
| ROMEO RANAS, *et al.*, | |
| Defendants. | |

Presently before the Court is Defendants Ben Gutierrez and Jerry Howell's Motion to Dismiss or in the alternative for Summary Judgment (#6/7). Defendant Collette Ball filed a Joinder (#12/13) to those motions. Also, before the Court is Defendant Collette Ball's Motion for Judgment on the Pleadings, or alternatively, for Summary Judgment (#10/11). Though the Court granted Plaintiff's motion to extend time, and warned him that failure to respond to the motions would result in the motions being granted, he failed to file any response in opposition.

Therefore, good cause being found, and in accordance with Local Rule 7-2(d), the Motions are granted. Plaintiff's complaint asserts various claims, boiling down to complaints about his dental care while incarcerated. He claims that Defendant Collette Ball violated his Eighth Amendment right to be free from cruel and unusual punishment by following the prison scheduling policy and making appointments for two of Plaintiff's teeth to be pulled eight weeks after the initial requests. Further, Plaintiff claims that Howell and others violated his Fourteenth Amendment rights and brought the claims against them in both an official and individual capacity.

A. Ball

The claims against Ball must be dismissed because she has qualified immunity and because Plaintiff has not alleged a violation of his Eighth Amendment rights. Government

1  officials are entitled to qualified immunity in Section 1983 suits for damages unless the plaintiff
2  establishes that (1) the official "violated a federal statutory or constitutional right"; and (2) "the
3  unlawfulness of [the defendant's] conduct was 'clearly established at the time.' " District of
4  Columbia v. Wesby, 138 S. Ct. 577, 589 (2018) (citation omitted); Rodriguez v. County of Los
5  Angeles, 891 F.3d 776, 794 (9th Cir. 2018) (citation omitted). Courts may address either prong
6  first when evaluating qualified immunity on summary judgment. See Tolan v. Cotton, 572 U.S.
7  650, 655 (noting "two-pronged inquiry" used to resolve questions of qualified immunity on
8  summary judgment) (citation omitted).

9  It is clearly established law under the Eighth Amendment that prisoners are entitled to
10  effective treatment of serious medical conditions. The treatment a prisoner receives in prison and
11  the conditions under which the prisoner is confined are subject to scrutiny under the Eighth
12  Amendment, which prohibits cruel and unusual punishment. See Helling v. McKinney, 509 U.S.
13  25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment "...
14  embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."
15  Estelle v. Gamble, 429 U.S. 97, 102 (1976).

16  A prison official violates the Eighth Amendment only when two requirements are met:
17  (1) objectively, the official's act or omission must be so serious such that it results in the denial
18  of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official
19  must have acted unnecessarily and wantonly for the purpose of inflicting harm. See Farmer, 511
20  U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently
21  culpable mind." See id. This applies to physical as well as dental and mental health needs. See
22  Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982). Factors indicating seriousness are: (1)
23  whether a reasonable doctor would think that the condition is worthy of comment; (2) whether
24  the condition significantly impacts the prisoner's daily activities; and (3) whether the condition is
25  chronic and accompanied by substantial pain. See Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th
26  Cir. 2000) (en banc).

27  The requirement of deliberate indifference is less stringent in medical needs cases than in
28  other Eighth Amendment contexts because the responsibility to provide inmates with medical

1   care does not generally conflict with competing penological concerns. See McGuckin, 974 F.2d
2   at 1060. Thus, deference need not be given to the judgment of prison officials as to decisions
3   concerning medical needs. See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir. 1989). The
4   complete denial of medical attention may constitute deliberate indifference. See Toussaint v.
5   McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or
6   interference with medical treatment, may also constitute deliberate indifference. See Lopez, 203
7   F.3d at 1131. Where delay is alleged, however, the prisoner must also demonstrate that the delay
8   led to further injury. See McGuckin, 974 F.2d at 1060.

9   Here, based on Plaintiff's allegations, there is no alleged constitutional violation by Ball.
10  Plaintiff alleges that Ball followed dental appointment policy and followed up in a reasonable
11  amount of time on all of Plaintiff's medical kites. There is no indication that Ball delayed
12  treatment with the intention of causing Plaintiff pain. Further, the allegations demonstrate that
13  Ball ensured that Plaintiff received treatment for the pain as he awaited dental care. Accordingly,
14  Plaintiff cannot show, in the claims against Ball, the violation of a constitutional right, the first
15  prong that Plaintiff must meet in order to avoid Defendant's claim of qualified immunity.

16  Second, Plaintiff has not shown that the alleged violation was clearly established. While
17  it is clear that prison officials cannot fail to treat dental problems or intentionally delay them,
18  Plaintiff has failed to identify any clearly established law requiring them to have treated his need
19  to have a tooth pulled more quickly. See  Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir.
20  2002) (six week wait to see dentist not a constitutional violation); Hunt, 865 F.2d at 200 (three
21  month delay justified Eighth Amendment claim). Since Plaintiff has not met either prong, let
22  alone both, Ball is entitled to qualified immunity and to judgment on the pleadings for failure to
23  allege a sufficient Eighth Amendment claim.

24  B. Gutierrez

25  Though Plaintiff named Gutierrez as a defendant in the complaint, the complaint contains
26  no factual allegations that Gutierrez personally participated in any of the alleged constitutional
27  violations against Plaintiff. Since no plausible claim against Gutierrez exists, he must be
28  dismissed from this action. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

C. Monetary Claims against Defendants in their Official Capacities

Since states are not persons within the meaning of 42 U.S.C. § 1983, Plaintiff may not maintain § 1983 claims against a state. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 64-70 (1989). When a state official is sued in their official capacity, the suit is not truly brought against the official but against the official's office. Id.. A § 1983 action for money damages cannot be properly brought against the state or a state official acting in their official capacity. Id. Plaintiff sued Warden Howell in his individual and official capacity. To the extent that Plaintiff seeks monetary damages with respect to claims brought against Howell in his official capacity, the claims must be dismissed.

D. Service of the Summons and Complaint

Plaintiff's Complaint was filed on October 18, 2019. Federal Rule of Civil Procedure 4(m) requires service of summons and complaint to be made upon a defendant ninety (90) days after the filing of the complaint. The ninety day time period for effecting service of the summons and complaint upon Defendants expired no later than January 16, 2020.

On November 4, 2019, Summons was returned unexecuted (#5) as to Defendants Dwayne Deal, Michael Minev and Romeo Ranas. Plaintiff has not filed further proof of service on these defendants.

Accordingly, IT IS HEREBY ORDERED that Plaintiff shall have up to and including April 29, 2020 to file proof of service of the summons and complaint within the allowed time.  If Plaintiff fails to respond or to file proof of service, the Court will dismiss the complaint without prejudice against these Defendants in accordance with Federal Rule of Civil Procedure 4(m).

Conclusion

Accordingly, IT IS HEREBY ORDERED that Defendants Ben Gutierrez and Jerry Howell's Motion to Dismiss or in the alternative for Summary Judgment (#6/7) is **GRANTED**;

IT IS FURTHER ORDERED that Defendant Collette Ball's Motion for Judgment on the Pleadings, or alternatively, for Summary Judgment (#10/11) is **GRANTED**;

IT IS FURTHER ORDERED that the Clerk of the Court enter **JUDGMENT** for Defendants Collette Ball and Ben Gutierrez and against Plaintiff;

1  IT IS FINALLY ORDERED that proof of timely service on Defendants Deal, Minev and Ranas is due no later than April 29, 2020.

Dated this 15th day of April, 2020.

_____
Kent J. Dawson
United States District Judge